CLARK v. CURTISS et.

Ohio Appeals, 6th Dist., Erie Co.

No. 253. Decided Sept. 23, 1927.

**First Publication of this Opinion.**

1065. **SCHOOLS A N D SCHOOL DISTRICTS**—Section 4736 GC. was not intended as substitute for 4735-1 and 4735-2 GC., and these latter sections are not so in conflict with 4736 GC. as not to be reconcilable therewith.

Appeal from Common Pleas. Petition dismissed.

J. F. Hartlein and Henry Hart, Sandusky, for Clark.

Krueger & Rosino, Sandusky, for Curtiss.

LLOYD, J.

Plaintiff, a citizen and taxpayer of West Perkins Rural School District in this county, on behalf of himself and other taxpayers thereof, seeks to enjoin the defendants, some of whom are members of and acting as the Board of Deputy State Supervisors of Elections of Erie County and others of whom are presiding judges of certain election precincts in Perkins Rural School District, from proceeding with an election to be held in said latter school district pursuant to and in conformity with 4735-1 and 4735-2 GC.

The above mentioned school districts formerly constituted one district and recently were divided into two school districts by proceedings had by the county board of education of Erie County, under authority of 4736 GC. By the election thus sought to be held, if a majority voting thereat favors such proposal, it is planned to re-unite these two districts by dissolution of Perkins Rural School District and joining the same to the newly created West Perkins Special School District, thus, in effect, undoing what the County Board of Education had done by the taking from what was then Perkins Rural School District that part thereof now constituting West Perkins Special School District.

The plaintiff claims that the proceedings had, and the election to be held pursuant thereto, are a nullity because, he says, Sections 4735-1 and 4735-2 GC., being irreconcilably in conflict with 4736 GC., are, by implication, repealed thereby. The act creating

these sections was passed in 1914. Some of the sections included in this act, among which are 4735-1, 4735-2 and 4736, were amendments of sections theretofore in force. 104 O. L. 133 et seq.

Sections 4735-1 and 4735-2 have not been amended and read now as when enacted in 1914. Section 4736 was amended in 1916 (106 O. L. 397) and in 1919 (108 O. L. part I, pg. 707) was again amended to read as it now appears in the General Code.

An examination of these several sections discloses that if any conflict existed, such conflict has continuously existed to a greater or less degree since their enactment in 1914, at which time, the General Assembly expressed, in the title of the enactment containing these sections, as well as in the act itself, an intent that all of them should be equally operative. We are unable to agree with plaintiff that the statutory provisions in question are in conflict simply because the procedure authorized by 4735-1 and 4735-2, if successfully consummated, may result in combining into one school district, territory which has theretofore constituted a single district but had been divided into two districts by the county board of education, pursuant to the authority conferred by 4736 GC.

We are therefore unable to conclude that 4736 was intended as a substitute for 4735-1 and 4735-2, or that these latter sections are so clearly in conflict with 4736 as not to be reconcilable therewith.

(Richards and Williams, JJ., concur.)

# MONTHLY CODE NOTES

**Sec. 1465-76 GC. WORKMEN'S COMPENSATION.**

It is clear that the legislature intended to extend a release provided for in this section to include cases based upon occupational diseases. Maxwell Motor Corp. v. Winter, OA. 5 Abs. 616.

**Sec. 1465-108 GC. WORKMEN'S COMPENSATION.**

Action may be maintained for disability arising out of occupational disease. Maxwell Motor Corp. v. Winter, OA. 5 Abs. 616.

**Sec. 1579-6 GC. MUNICIPAL COURT.**

Where plaintiff claims damages of $6,000 for conversion, and offsets indebtedness to the defendant, thus reducing the amount prayed for to $1,999.84, Municipal Court does not have jurisdiction. Glaser v. Mehrl, OA. 5 Abs. 609.

**Sec. 5967 GC. MEASURE OF DAMAGES.**

Measure of recovery is money expended in gambling together with exemplary damage. Worland et v. McGill, OA. 5 Abs. 591.

**Sec. 5971 GC. JUDGMENTS.**

Under this section, plaintiff not entitled to money judgment. Court has power only to adjudge amount of recovery to be lien upon premises. Worland et v. McGill, OA. 5 Abs. 591.

**Sec. 6310-17 GC. AUTOMOBILES.**

Violation of this section by driver of automobile, not prima facie negligence but negligence per se. Cleve. Ry. Co. v. Kuncic, OA. 5 Abs. 580.

**Sec. 7996 GC. HUSBAND AND WIFE.**

Husband not excused by 7999 GC., 7996 GC. nor 8000 GC. from liability for necessaries furnished to his wife. Cleve. Ry. Co. v. Kuncic, OA. 5 Abs. 580.

**Sec. 7999 GC. HUSBAND AND WIFE.**

See 7996 GC. above.

**Sec. 8000 GC. HUSBAND AND WIFE.**

See 7996 GC. above.

**Sec. 8025 GC. ADOPTION.**

This section is mandatory, and in order to perfect legal adoption, must be strictly followed. Martin et v. Fisher, OA. 5 Abs. 596.

**Sec. 8032 GC. CUSTODY OF MINOR CHILD.**

Court has jurisdiction to award custody of minor children even though divorce is not granted. South v. South, OA. 5 Abs. 594.

**Sec. 8033 GC. CUSTODY OF MINOR CHILD.**

See Sec. 8032 GC., above.

**Sec. 8079 GC. DEBTOR AND CREDITOR.**

Joint debtor may compromise his portion of debt. Marker v. Standard Motor Car Co., OA. 5 Abs. 631.

**Sec. 8084 GC. DEBTOR AND CREDITOR.**

See Sec. 8079 GC., above.

**Sec. 8895 GC. GRADE CROSSINGS.**

This section expresses attitude of state in relation to grade crossing. Det. & Iron. Rd. Co. v. Wahl et, OA. 5 Abs. 600.

**Sec. 8896 GC. et seq. GRADE CROSSINGS.**

Responsibility for determination of question of grade crossings is vested in Court of Common Pleas. Such crossings ought not, and cannot be made by consent of public authority and railroad seeking privilege. Det. & Iron. Rd. Co. v. Wahl et, OA. 5 Abs. 600.

**Sec. 8898 GC. GRADE CROSSINGS.**

See Sec. 8896 GC., above.

**Sec. 11137 GC. ASSIGNMENT FOR CREDITORS.**

Not necessary to validity of presentation of claim to assignee, that affidavit mentioned in this section be filed at time of such presentation. Songer v. Faulkner, OA. 5 Abs. 601.

**Sec. 11494 GC. HUSBAND AND WIFE.**

Testimony of wife regarding act done by husband in presence of wife and not in known presence of third person, competent to be a witness, is incompetent. Worland et, v. McGill, OA. 5 Abs. 591.

**Sec. 11651 GC. PARTNERSHIP.**

In action under this section, partners may not set up as defense that contract upon which judgment is based was not partnership transaction. Montgomery v. Floerke, OA. 5 Abs. 582.

**Sec. 11725 GC. BANKRUPTCY.**

Bankrupt entitled to claim a maximum of $75 out of wages due him unless he claims $500 under 11738 GC. Prushing, In Re, US. 5 Abs. 586.

**Sec. 11738 GC. BANKRUPTCY.**

Term "passenger automobile" as used in this section, refers to use of car and not to physical attributes. Antle, In Re., US. 5 Abs. 585.

Bankrupt entitled to claim as exempt cash not to exceed $500. Prushing, In Re., US. 5 Abs. 586.

**Sec. 11990 GC. DIVORCE AND ALIMONY.**

This section does not confer upon trial court power to require wife to purchase husband's property, or to convey her real estate to husband. Gucciardo v. Gucciardo, OA. 5 Abs. 597.